# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CARMELLO D. WHITWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO:_____ |
| Vs. ) | |
| ) | JURY DEMAND |
| DUNCAN ENTERPRISES, INC. d/b/a ) | 12 Person |
| PEGASUS TRANSPORTATION, ) | |
| and JOSEPH HAWLEY, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Comes now the Plaintiff, Carmello D. Whitworth, by and through undersigned counsel, and for his causes of action against the Defendants states as follows:

Parties

1. Plaintiff, Carmello D. Whitworth, is an adult citizen and resident of Davidson County, Tennessee.

2. Defendant, Duncan Enterprises, Inc. d/b/a Pegasus Transportation (hereinafter "Duncan Enterprises") is an Indiana for-profit corporation having its principal office located in Louisville, Kentucky. Duncan Enterprises may be served through its registered agent, to wit: Cogency Global, Inc., 155 E. Market Street, Suite 800, Indianapolis, Indiana 46204. At all times relevant hereto, this Defendant was a Motor Carrier engaged in the business of operating Commercial Motor Vehicles in interstate commerce, as those terms are defined and used under the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. §§350-399.

3. Defendant, Joseph Hawley, is an adult citizen and resident of Ohio. At all times relevant hereto, Joseph Hawley was a driver of a Commercial Motor Vehicle and subject to the provisions of the FMCSR, 49 C.F.R. §350-399.

### Jurisdiction and Venue

4. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

5. Venue for this action lies within the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, in that motor vehicle accident giving rise to this cause of action, and resulting Complaint occurred in Hickman County, Tennessee.

### Facts

6. On August 18, 2016, Plaintiff was traveling eastbound along Interstate 40 in Hickman County, Tennessee when his vehicle sustained a flat tire requiring him to pull off of the roadway.

7. After safely pulling off of the roadway and engaging his vehicle's emergency caution lights, Plaintiff exited the vehicle to assess the damage to his tire and search for a spare tire.

8. While Plaintiff was along the side of the roadway attending to his vehicle, he was struck by a 2016 Freightliner Tractor Truck being operated by Defendant Joseph Hawley.

9. At all times relevant hereto, Joseph Hawley, was an employee, agent, and servant of Defendant Duncan Enterprises and was acting within the course and scope of said employment and agency and for the benefit of Duncan Enterprises. Accordingly, pursuant to the principles of *Respondeat Superior*, Duncan Enterprises is vicariously responsible for the actions

and omissions of Joseph Hawley. Furthermore, at all times relevant hereto, Duncan Enterprises was the titled and registered owner of the tractor truck operated by Joseph Hawley such that Plaintiff relies on T.C.A. §55-10-311 and §55-8-312 to establish Duncan Enterprises' vicarious responsibility for Joseph Hawley's actions and omissions.

## Causes of Action

10. Defendant, Joseph Hawley, is guilty of the following acts and omissions constituting negligence, negligence *per se*, and/or recklessness directly and proximately resulting in the above-described wreck and Plaintiff's harms, losses and damages:

- A. Said Defendant failed to exercise reasonable care in the operation of his vehicle, having due regard for the actual and potential dangers existing from the size of his vehicle, the speed of his vehicle, the roadway, other traffic, distractions, and other conditions and circumstances then existing so as to avoid a collision;

- B. Said Defendant failed to exercise due care and proper precaution in the operation of his vehicle and maintain a safe and proper look out so as to prevent the collision described herein, in violation of T.C.A. §55-8-136;

- C. Said Defendant failed to observe and follow applicable duties, rules, and regulations imposed upon him by the FMCSR, 49 CFR §303 et seq., including but not limited to 49 CFR §392.2 by failing to operate his truck in accordance with applicable laws, ordinances and regulations of the State of Tennessee;

D. Said Defendant failed to exercise extreme caution in the presence of a hazardous condition, in violation of 49 C.F.R. §392.14;

E. Said Defendant failed to exercise due caution, yield the right of way, and reduce his vehicle's speed as he approached Plaintiff's disabled and stationary vehicle, in violation of T.C.A. §55-8-1329(h); and

F. Said Defendant failed to operate his vehicle at a safe rate of speed giving due consideration for the conditions and his vehicle's ability to come to a stop within the path and area of illumination provided by the truck's headlights, *i.e.*, he over drove the vehicle's headlights.

11. Defendant, Duncan Enterprises, is independently guilty of negligence, negligence *per se*, and/or recklessness directly and proximately resulting in damages to Plaintiff in the following respects:

A. Said Defendant failed to use reasonable care in the hiring and retention of Joseph Hawley;

B. Said Defendant failed to use reasonable care in the entrustment of its vehicle to Joseph Hawley;

C. Said Defendant failed to ensure that adequate training was provided to Joseph Hawley, in violation of 49 CFR 380.507;

D. Said Defendant failed to ensure that Joseph Hawley was knowledgeable of and in compliance with all applicable rules and provisions of the FMCSR, in violation of 49 CFR 390.3;

E. Said Defendant failed to require observance by its drivers of all duties and prohibitions required by the FMCSR, in violation of 49 CFR 390.11; and

4

F.  Said Defendant failed to adequately determine whether Joseph Hawley was qualified to drive its vehicle, in violation of 49 CFR 391.11.

12. As a direct and proximate result of the Defendants' negligent and/or reckless acts and omissions, Plaintiff sustained severe physical injuries and limitations causing him to undergo surgical and medical treatment resulting in Plaintiff incurring substantial amounts for medical and medically-related expenses. Further, as a result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer from pain, anguish, disability, disfigurement, permanent impairment, loss of earnings and earning capacity, and loss of enjoyment of life.

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff prays for judgment against the Defendants in such an amount so as to fairly and adequately compensate him for his harms, losses and damages. Further, to the extent that the jury in this Cause finds the Defendants' conduct amounts to recklessness, Plaintiff prays for an award of punitive damages. Plaintiff prays for such further and general relief to which he may be entitled, including any taxes and discretionary costs, and prays for a jury of twelve (12) persons to try this Cause.

Respectfully submitted:

THE MATTHEWS FIRM, PLLC

BY: /s/ R. Holland Matthews
R. HOLLAND MATTHEWS, #30486
Hmatthews1@me.com
RICHARD T. MATTHEWS, # 6680
Rmatthews95@aol.com
700 North Main Street
P.O. Box 1952
Columbia, TN 38402-1952
(931) 381-2460

MOUNGER & MOLDER, PLLC

BY: /s Charles M. Molder
CHARLES M. MOLDER, #28278
cmolder@moungermolder.com
808 S. High Street
P.O. Box 1468
Columbia, TN 38402-1468
(931)-380-9005

**Attorneys for Plaintiff**